UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 25 CR 30-1 |
| v. | ) | |
| | ) | Judge John F. Kness |
| ANTHONY MARSICO | ) | |
| | ) | |

**GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
UNDER FEDERAL RULE OF EVIDENCE 502(d)**

The UNITED STATES OF AMERICA, by its attorney, ANDREW BOUTROS, United States Attorney for the Northern District of Illinois, respectfully submits this motion for a protective order under Federal Rule of Evidence 502(d) for the government to disclose materials that are potentially privileged to defendant, Anthony Marsico. The government received these materials in response to a search warrant during the course of its investigation and upon instances of identifying the presence of attorney(s) in certain communications filtered them from review. The government has not determined whether there is in fact a privilege associated with these filtered materials. In an abundance of caution, the government seeks the present order so that it can meet its constitutionally imposed discovery obligations by having its filter team produce potentially privileged materials to the defendant while preserving any privilege objection that a third party may have over these materials.

1. On February 4, 2025, an indictment was returned charging the defendant with securities fraud, in violation of Title 15, United States Code, Sections

1

78j(b) and 78ff(a) (Counts 1 - 6) and conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count 7).

2.   During the course of its investigation, on June 29, 2023, the government executed a search warrant for a Google account associated with defendant. *See* 23 M 667. As part of its search, the government seized certain emails associated with defendant's Google account.

3.   Later, when reviewing these emails, the government identified the presence of an attorney in certain communications, including attorneys from Law Firm A and Law Firm B as well as an in-house attorney from Company A, which on their face appeared to relate to defendant's work for Company A and/or another entity. In each case, after identifying the attorney, the government conducted keyword searches for Law Firm A, Law Firm B, and the email address associated with the in-house attorney for Company A across the entire set of emails obtained pursuant to the search warrant in 23 M 667 and then sequestered the emails that hit on these keyword searches. Once sequestered, the government did not engage in any further review of the sequestered emails. Because each sequestered email hit on one of the keyword searches, the government presumes each of these communications includes an attorney. Because the government's limited review of these emails appeared to suggest they related to defendant's work for Company A and/or another entity, the government also presumes any potential privilege associated with these documents would belong to a third party.

4. The government is attempting to comply with its discovery obligations by producing to the defendant all materials required under Federal Rule of Criminal Procedure 16(a), the Jencks Act, *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), while at the same time respecting potentially valid claims of attorney-client privilege. *See Swidler & Berlin v. United States*, 524 U.S. 399, 403 (1998) (reaffirming the attorney-client privilege as "one of the oldest recognized privileges for confidential communications. . . . intended to encourage 'full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice'") (citation omitted).

5. In conflict with the government's constitutionally imposed discovery obligations is the possibility that some of the documents contain privileged information. "The Supreme Court has expressly left open the question of whether a criminal defendant's constitutional rights may overcome the attorney-client privilege." *United States v. Sattar*, No. 02 CR. 395 JGK, 2003 WL 22137012, at *17 (S.D.N.Y. Sept. 15, 2003). However, the burden of establishing the existence of a privilege is on the privilege holder. *See Shaffer v. Am. Med. Ass'n*, 662 F.3d 439, 446 (7th Cir. 2011); *see also United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) ("The claim of privilege cannot be a blanket claim"). While a party may assert an attorney-client privilege to prevent disclosure of materials at trial, a "party cannot suspend discovery indefinitely by simply failing to waive his privilege." *United States v. Simels*, No. 08- CR-640 (JG), 2008 WL 5383138, at *6 (E.D.N.Y. Dec. 18, 2008).

6.     In 2008, Congress enacted Federal Rule of Evidence 502 to define the scope of waivers under the attorney-client privilege. This provision governs whether disclosures of attorney-client communications made in state and federal litigation, as well as inadvertent disclosures of such information, shall be considered waivers of the privilege and the extent of such waivers. *See* Fed. R. Evid. 502.

7.     Rule 502 contains a provision empowering trial courts to direct discovery while preserving intact the parties' respective attorney-client privileges. Rule 502(d), entitled "Controlling Effect of a Court Order," permits a trial court to direct disclosure of attorney-client materials while protecting the privilege holder from concurrent and subsequent claims of waiver:

> A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d). Pursuant to that authority, trial courts may manage the risk of waiver of attorney-client privilege during the discovery process through the use of Section 502(d) orders.

8.     One of Rule 502(d)'s purposes is to address the issue here: the burden of identifying privileged materials among high volumes of discovery. *See* Fed. R. Evid. 502 (committee notes). Rule 502 was generally designed to simplify privilege decisions while limiting the impact of disclosure in a particular case. *See, e.g., United States v. Daugerdas*, No. S3 09 CR 581, 2012 WL 92293, at *6 (S.D.N.Y. Jan. 11, 2012); *see also In re Processed Egg Products Antitrust Litigation*, 2014 WL 6388436, at *6-7 (E.D. Pa. Nov. 17, 2014). In this regard, Rule 502(d) "provides a party with a

4

predictable protection from a court order" by expressly authorizing the Court to issue an order providing that the attorney-client privilege and work-product protection "is not waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding." Fed. R. Evid. 502(d), Explanatory Note.

9. Accordingly, Rule 502(d) orders allow trial courts in criminal prosecutions to lessen the tension between discovery obligations and the attorney-client privilege. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1129 (9th Cir. 2012) ("To the extent that timing is a concern, it can be ameliorated by properly seeking a protective order. Fed. R. Evid. 502(d)."); *Greene v. Philadelphia Hous. Auth.*, 484 F. App'x 681, 686 (3d Cir. 2012) ("[J]udicially-compelled disclosure of information, later determined to be privileged, may not result in a waiver of the privilege. See Fed. R. Evid. 502(b). In this respect, nothing prevents [the plaintiff] from requesting that the District Court enter an order pursuant to Fed.R.Evid. 502(d) to the effect that the compelled disclosure does not constitute a waiver of privilege."); *United States v. Rankin*, No. 3:18-cr-272, 2020 WL 3036015, at *4 (D. Conn. June 5, 2020) (granting motion for stipulated 502(d) order to permit company to share privileged materials with the government without effecting waiver).[1]

---

[1] Judge Durkin entered Rule 502(d) orders in another complex fraud case where discovery included potentially privileged materials that were produced to co-defendants in the case. *See United States v. Shah*, No. 19 CR 864, Dkt. Nos. 154, 178. Judge Wood also entered a Rule 502(d) order in a bank fraud case so that the government could produce potentially privileged materials to a co-defendant; the other defendant maintained the privilege. *See United States v. Delgado*, No. 18 CR 122, Dkt. Nos. 138, 139. Judge Maldonado also entered a Rule 502(d) order in a health care fraud case where the government produced materials that may have been subject to a third-party corporate privilege that it obtained during its investigation to the defense. *See United States v. Alvi*, No. 23 CR 142, Dkt. No. 51.

10. In an abundance of caution, the government seeks the present 502(d) order so that a filter team could produce these materials to the defendant. The 502(d) would also still preserve any third party, including Company A's, ability to assert privilege over these materials.

11. In sum, the proposed 502(d) order here would preserve any privilege that any third party maintains over these potentially privileged materials; in other words, the disclosure would not result in a waiver of the privilege. Further, this order would streamline the proceedings by allowing the government to produce these potentially privileged materials to the defendant.

12. Accordingly, the government requests that this Court issue an order permitting the production of the following potentially privileged materials by the filter team without effecting waiver of any third party's attorney-client privilege, attorney work product privilege, or any other valid legal privilege.

13. On May 30, 2025, counsel for defendant confirmed he had not opposition to this motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the government respectfully requests that the Court enter the proposed protective order under Federal Rule of Evidence 502(d).

Date: May 30, 2025                                         Respectfully submitted,

                                                      ANDREW BOUTROS
                                                     United States Attorney

By:    */s/ Bradley A. Tucker*
        BRADLEY A. TUCKER
        JARED HASTEN
        Assistant United States Attorneys
        219 South Dearborn Street, 5th Floor
        Chicago, IL 60604
        (312) 353-5300